


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

**United States ex rel. Jasmeka Collins,**
Relator,

v.

**Trustmark Recovery Services; Medical Business Office,**
Defendants.

**Case No. 17-cv-04457**

---

# MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO APPELLATE COURT RULING

**COMES NOW,** Relator, Jasmeka Collins, appearing **pro se**, and respectfully moves this Honorable Court to enter **default judgment** in accordance with the appellate court's ruling in favor of Relator. In support of this motion, Relator states as follows:

## I. BACKGROUND

1. This **qui tam** action was brought under the **Illinois False Claims Act, 740 ILCS 175/**, on behalf of the **United States and the State of Illinois**.
2. The **trial court previously ruled on this case, and the matter was appealed.** On **[Date of Appellate Ruling]**, the **Seventh District Appellate court** issued a decision **in favor of Relator, affirming that summary judgment should be entered against Defendants**.
3. **Despite this appellate ruling, judgment was not entered for over two years.**
4. **This lapse occurred under the previous presiding judge and was further prolonged by Relator's former attorneys, who failed to take action to ensure enforcement of the appellate ruling.**

## II. DEFAULT JUDGMENT & DEFENDANTS' ATTEMPTS TO EVADE LIABILITY

6. **Defendants have failed to appear or defend themselves, warranting default judgment.**
7. Since the appellate ruling, Defendants have taken steps to **dissipate assets and avoid enforcement**, including:
    - **Dissolving the business while litigation was pending, without notifying the Court.**

- - **Transferring substantial funds to executives**, including unusually large payments beyond prior compensation.
    - **Selling company-owned real estate valued at over $2 million**, without properly disclosing the transaction or applying proceeds to satisfy the judgment.
    - **Failing to appear in court or respond to judgment enforcement efforts**, instead falsely claiming the business no longer exists.
8. These actions indicate a **deliberate attempt to obstruct judgment enforcement**, warranting immediate judicial intervention.

## III. LEGAL BASIS FOR RELIEF REQUESTED

9. Under **Illinois Supreme Court Rule 369(b)** and **Federal Rule of Civil Procedure 58**, a trial court **must enter judgment in accordance with an appellate mandate** without delay.
10. Under **Federal Rule of Civil Procedure 55**, a **default judgment is appropriate** where a party fails to defend itself, as Defendants have done here.
11. Given that the appellate court has already ruled in favor of Relator, and Defendants have engaged in efforts to avoid compliance, there is **no valid reason for further delay** in entering final judgment.

## IV. RELATOR'S REQUEST FOR RELIEF

**WHEREFORE,** Relator, Jasmeka Collins, respectfully requests that this Court:

A. **Enter final default judgment** in accordance with the appellate court ruling.
B. **Recognize the full judgment amount** as determined by the evidence and applicable statutes.
C. **Permit Relator to submit the proper judgment figures pro se,** ensuring the correct damages are recorded.
D. **Declare that Defendants are legally obligated to satisfy the judgment** and may be subject to further enforcement measures if they continue to evade compliance.
E. **Grant any additional relief** this Court deems just and proper.

**Respectfully submitted,**

**Jasmeka Collins**
54 w 153rd pl
South Holland Il 60473
708-970-9475
Jasmeka.Collins@gmail.com

**Dated:** 2/12/2025